IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LEONZA MURPHY § | |
| Petitioner, § | |
| § | |
| V. § | C.A. NO. C-05-533 |
| § | |
| DOUG DRETKE, § | |
| Respondent. § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, petitioner asserted a claim based on a writ of habeas corpus in the Western District of Texas on October 17, 2005 pursuant to 28 U.S.C. § 2254. He did not, however, file the writ of habeas corpus, but instead only filed a motion to proceed in forma pauperis. (D.E. 1). Petitioner's action was transferred to the Corpus Christi Division of the Southern District of Texas. (D.E. 3). Petitioner has been sent a notice of deficient pleading by the clerk's office, instructing him to "[s]ubmit a completed form Petition for Writ of Habeas Corpus for filing." (D.E. 6). Instead of submitting the completed form as ordered, petitioner send a letter with some information about his claim. (D.E. 10). Petitioner was order to file a completed form Petition for Writ of Habeas Corpus. (D.E. 11). Pending is petitioner's second letter-

motion for appointment of counsel.  (D.E. 12).[1]

There is no constitutional right to counsel in federal habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991) (petitioner did not have "constitutional right to counsel of appeal from state habeas trial court judgment"); Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (citing Coleman); Johnson v. Hargett, 978 F.2d 855, 859 & n.14 (5th Cir. 1992) (same).  In Pennsylvania v. Finley, 481 U.S. 551 (1987), the Supreme Court explained that there is no right to the appointment of counsel for a petitioner seeking habeas corpus review:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.  Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals....  We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

Id. at 555.

Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner's request for counsel is premature.  At this stage of his case, there are no

---

[1] To the extent that petitioner mentions problems with legal mail and access to the law library, if such problems continue, petitioner should file a motion with specific details about the allegations.

factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing.  Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident.  Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel, (D.E. 12), is DENIED without prejudice.

ORDERED this 23rd day of November 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE