IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEONZA MURPHY         § | | |
|     TDCJ-CID #585062   § | | |
| V.                    § | | C.A. NO. C-05-533 |
|     § | | |
| DOUGLAS DRETKE        § | | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE AND TO ADHERE TO COURT ORDERS

Plaintiff, a Texas state prisoner proceeding *pro se*, filed this habeas petition on October 17, 2005.

The petition was transferred to the Corpus Christi Division of the Southern District of Texas from the Western District of Texas. (D.E. 2, 3). On November 1, 2005, petitioner was sent a notice of deficient pleading by the Clerk. (D.E. 6). Specifically, petitioner was instructed to "[s]ubmit a completed form Petition for Writ of Habeas Corpus." Id. A copy of this form was enclosed with the notice. Id. The notice also indicated that if petitioner fails to comply, the Court may dismiss his petition for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Instead of filing a completed form Petition for Writ of Habeas Corpus, however, petitioner sent a one page letter. (D.E. 10).

On November 17, 2005, the undersigned magistrate judge ordered petitioner "to file a completed form Petition for Writ of Habeas Corpus." (D.E. 11, at 2).

Moreover, petitioner was instructed that "[a]n action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court." Id. at 1-2 (citing Fed. R. Civ. P. 41(b)). To date, petitioner has not complied with the November 1 notice of deficient pleading or the November 17 order.

It is well established that an action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court. Fed. R. Civ. P. 41(b); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (district court has authority to dismiss an action for failure to prosecute or comply with a court order); Long v. Simmons, 77 F.3d 878, 879 (5th Cir. 1996) ("A district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to comply with a court order."). "'The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962)); accord Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992).

## RECOMMENDATION

Accordingly, it is respectfully recommended that plaintiff's action be dismissed pursuant to Rule 41(b) for failure to prosecute and for failure to comply with court orders.

ORDERED this 16th day of December 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).